UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENNIE RAY BROWN, | ) | CV F 05-0153 AWI WMW HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO |
| | ) | NAME PROPER RESPONDENT |
| v. | ) | |
| | ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition names People of the State of California as Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state

correctional agency.  Id.

In this case, petitioner names the People of the State of California as Respondent.  Although Petitioner is currently in the custody of the California Department of Corrections, the Department cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  However, in this case, the court will give petitioner the opportunity to cure his defect by filing an amended petition naming a proper respondent.  See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).   Because an amended pleading supersedes the original pleading, an amended pleading must be complete in itself without reference to any prior pleading.  Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly,  Petitioner is HEREBY ORDERED to file a first amended petition naming the correct Respondent within twenty (20) days of the date of service of this order.  Petitioner's failure to comply with this order will result in findings and recommendations that this entire action be dismissed.

IT IS SO ORDERED.

**Dated:   May 17, 2005           /s/  William M. Wunderlich**
bl0dc4                                  UNITED STATES MAGISTRATE JUDGE