UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN, <br><br> Petitioner, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | CV F 05-0153 AWI WMW HC <br><br> ORDER VACATING FINDINGS AND RECOMMENDATIONS AND REQUIRING PETITIONER TO NAME PROPER RESPONDENT <br><br> [Doc. 10] |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition names People of the State of California as Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state

1  correctional agency. Id.

2      In this case, petitioner names the People of the State of California as Respondent.
3  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of
4  jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th
5  Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
6  However, in this case, the court will give petitioner the opportunity to cure his defect by filing an
7  amended petition naming a proper respondent. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th
8  Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing
9  petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d
10 125 (9th Cir. 1968) (same).   Because an amended pleading supersedes the original pleading, an
11 amended pleading must be complete in itself without reference to any prior pleading. Local Rule
12 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

13     Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

14 1)   The Findings and Recommendations entered March 15, 2006, are HEREBY VACATED; and

15 2)   Petitioner is SHALL file a first amended petition naming the correct Respondent within
16     twenty (20) days of the date of service of this order. Petitioner's failure to comply with this
17     order will result in findings and recommendations that this entire action be dismissed.

18 IT IS SO ORDERED.

19 **Dated:   April 18, 2006**       **/s/  William M. Wunderlich**
   bl0dc4                         UNITED STATES MAGISTRATE JUDGE